**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAOGUANG ZHAO, | No. 11-73829 |
| Petitioner, | Agency No. A089-311-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Xiaoguang Zhao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the inconsistencies between Zhao's testimony at his hearing and his testimony before an asylum officer regarding the circumstances of his wife's birth control, the injuries he sustained during an alleged beating, and his explanations for why he said he only had one child when he applied for a visa. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (adverse credibility finding was supported based on inconsistencies regarding the details of petitioner's abduction, especially where her entire claim centered around only two events); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (upholding adverse credibility finding where testimony lacked the requisite "ring of truth"). Substantial evidence also supports the agency's adverse credibility finding based on Zhao's submission of birth certificates for his children that contained false information. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances" standard). Zhao's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the

absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zhao's CAT claim also fails because it is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he will be tortured if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**